FORET, Judge.
George G. Rue (plaintiff) brought this action for judicial review of a decision made by defendant, the Board of Trustees of the City of Alexandria Employees Retirement System (the Board), denying his application for disability retirement benefits.
The trial court, after trial on the merits, rendered judgment in favor of defendant, upholding its decision.
Plaintiff appeals and raises the following issues:
1. Whether the trial court erred in finding that the Board was in substantial compliance with the law;
2. Whether the trial court erred in refusing to reverse the Board’s decision to deny plaintiff disability retirement benefits, and
3. Whether the trial court erred in finding that, even if plaintiff was entitled to such benefits, the Board would be entitled to an offset for workmen’s compensation benefits received by him.
*1168 FACTS
Plaintiff was injured in a work-related accident on May 8, 1981. At that time, plaintiff was employed by the City of Alexandria (the City) as a Cathodic Protection Technician in the Gas Department. He had worked in that Department for approximately 18 years (prior to the date of the accident), and had held various positions therein. After the accident, the City and its workmen’s compensation insurer, The Home Indemnity Company (HIC), began paying plaintiff workmen’s compensation benefits. On December 15, 1981, the payment of these benefits to plaintiff was terminated.
Plaintiff then filed suit seeking to recover workmen’s compensation benefits for total and permanent disability. Plaintiff also sought to recover the statutory penalties and attorney’s fees.
Meanwhile, on May 17,1982, plaintiff applied to the Board for disability retirement benefits. Approximately one month later, the Board voted to deny the payment of such benefits to plaintiff. Thereafter, plaintiff sued the Board of Trustees of the City of Alexandria Employees Retirement System, docket number 123,533, Ninth Judicial District Court, Rapides Parish, seeking judicial review of the Board’s decision and a reversal thereof.
At a pre-trial hearing, the trial court, being informed of the existence of the two separate suits, requested that the parties look into the possibility of consolidating the two actions for trial. After being shown that both involved common issues of law and fact, it ordered that the actions be consolidated, and trial of the consolidated actions was held.
On December 3, 1982, the trial court rendered judgment in the workmen’s compensation suit, finding plaintiff to be totally and permanently disabled under the provisions of the Louisiana Workmen’s Compensation Act[1]
On January 3, 1983, the trial court rendered judgment in civil suit number 123,-533, rejecting plaintiff’s demand. The trial court found that,
“... the Board, although somewhat loose and informal in its procedures, was in substantial compliance with the law.”
Based on this finding, the trial court refused to invalidate the Board’s decision to deny disability retirement benefits to plaintiff. In its written reasons for judgment, the trial court went on to note that:
“In any event, for whatever effect it might have on this case, the Court feels that should plaintiff have been awarded disability benefits, this award would be subject [to an] off-set in the amount equivalent to any Workman’s Compensation benefits forthcoming to the plaintiff.”
It is from this judgment that this appeal is taken.
COMPLIANCE WITH APPLICABLE LAW
Plaintiff contends that the trial court erred in finding that the Board was in substantial compliance with the law. Before discussing this contention, we note that (throughout his brief filed in this Court) plaintiff relies on the provisions of the Administrative Procedure Act (LSA-R.S. 49:950, et seq.).
LSA-R.S. 49:951(2) provides:
“§ 951. Definitions
As used in this Chapter:
[[Image here]]
(2) “Agency” means each state board, commission, department, agency, officer, or other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States *1169 or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof, any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts.
[[Image here]]
(Emphasis ours.)
LSA-Const. Art. 6, § 44(2) and (3) provides:
“§ 44. Terms Defined
Section 44. As used in this Article:
[[Image here]]
(2) “Political subdivision” means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
(3) “Municipality” means an incorporated city, town, or village.
The Board is an agency of the City of Alexandria. Thus, by the definitions contained in the provisions reproduced above, the Administrative Procedure Act does not apply to the Board[2].
The Board, and the retirement system it manages, were created by Act # 459 of 1948 (the Act). A copy of the Act (as amended) was placed in the record by order of the trial court.
Section 6(1) of the Act provides:
“SECTION 6. DISABILITY RETIREMENT
(1) Upon the application of a member or his employer, any member who has had at least five years of creditable service may be retired by the Board of Trustees not less than thirty and not more than ninety days next following the date of filing such application, on a disability retirement allowance, provided that the medical board, after a medical examination, shall certify that he is mentally or .physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that he should be retired.” (Emphasis ours.)
Section 10(15) of the Act provides:[3]
“(15) Medical Board. The Board shall designate a Medical Board to be composed of three physicians not eligible to participate in the retirement system. If required, other physicians may be engaged to report on special cases.
The Medical Board shall arrange for and pass upon all medical examinations required under the provisions of this Act, and shall investigate all essential statements and certificates by or on behalf of a member in connection with an application for disability retirement, and shall report in writing to the Board of Trustees its conclusions and recommendations upon all the matters referred to it.”
From these provisions, it can be seen that the Act mandates that the Board designate a “Medical Board” to pass on all claims such as plaintiffs, and that it report in writing to the Board its conclusions and recommendations with respect to such claims.
Richard Moriarty, the Board’s Executive Secretary, admitted that the Board had failed to designate a medical board as required by the Act. He explained that, when a medical question would arise, the Board would, “... utilize a series of a number of qualified doctors and physicians in Alexandria”. In the action sub judice, the Board simply used the medical reports of two physicians submitted by plaintiff with his application (and the report of a physician who examined plaintiff at its request) in making its decision to deny him disability retirement benefits. We do not consider the Board’s actions to be in compliance with Sections 6(1) and 10(15) of the Act.
*1170 In addition, Section 10(7) of the Act provides:
“(7) Subject to the limitations of this Act, the Board shall establish rules and regulations for the administration of the system created by this Act and for the transaction of its business and to give force and effect to the provisions of this Act wherever necessary to carry out the intent and purposes of the Legislature.”
Moriarty’s testimony leaves no doubt that the Board has failed to comply with this provision of the Act and many others.
It is our opinion that the trial court’s finding, that the Board is in substantial compliance with the law, is clearly wrong. We will remand this case to the trial court with instructions that it order the Board to make a determination on plaintiff’s application for disability retirement benefits in compliance with all applicable provisions of the Act. Because of our decision herein, there is no need to discuss the other two issues raised by plaintiff.
DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed. This case is remanded to the trial court with instructions that it order the Board of Trustees of the City of Alexandria Employees Retirement System to reconsider plaintiff’s application for disability retirement benefits, and that it make a determination thereon in compliance with all applicable provisions of Act # 459 of 1948, as amended.
The assessment of all costs of this appeal, and in the trial court, shall await a final determination of this matter.
REVERSED AND REMANDED WITH INSTRUCTIONS.

. That judgment condemned both the City and HIC to pay plaintiff workmen’s compensation benefits of $163 per week for the duration of his disability. Based on its finding that HIC had acted arbitrarily, capriciously, and without probable cause in terminating the payment of such benefits to plaintiff, the trial court’s judgment awarded him the statutory penalties and attorney’s fees. This judgment is now final as no appeal was taken from it.

. The procedural requirements for actions brought against a political subdivision of the State (or an agency thereof such as the Board) are found in LSA-R.S. 13:5101, et seq.

. Section 2(7) of the Act provides:
“ ‘Board’ shall mean the Board of Trustees provided in Section 10 of this Act to administer the retirement system herein created.’ ”